UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-236 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Robert Howard brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner").  On July 30, 2007, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's decision and remanded the case for further proceedings.  (Docket # 18.)  Howard filed a motion and a supplemental motion to recover attorney fees in the amount of $4,927.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docket # 20, 28.)  The Commissioner, however, opposes Howard's fee request, arguing that its litigation position was "substantially justified."  (Docket # 23.)  For the reasons set forth herein, Howard's motion will be GRANTED.

### I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

1

that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

In making a determination of substantial justification, EAJA fees may be awarded if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In its Order on July 30, 2007, this Court reversed and remanded the Commissioner's decision, concluding that the Administrative Law Judge ("ALJ") "did not perform the requisite analysis when determining that Howard's impairments were not severe enough to meet or equal a listing and when discrediting Howard's testimony[.]" (Order 1.) The Commissioner, however, contends that it was substantially justified in defending the ALJ's decision with regard to the

step three determination on the severity of Howard's impairments meeting a listing because evidence discussed further on in the ALJ's opinion "can be used to determine whether the ALJ's listing finding was correct[,]" and "the ALJ considered a significant amount of medical evidence that bears upon whether Plaintiff met a listing."  (Resp. Br. 2.)  The Commissioner further argues that it was substantially justified in defending the ALJ's credibility determination because "the ALJ's decision, taken as a whole, does reflect that he considered a number of factors that bear on credibility[,]" such as Howard's medical evidence; educational background; work history; and testimony regarding his pain, daily activities, and medication.  (Resp. Br. 3-4.)  The Commissioner's arguments are ultimately unsuccessful.

      The portion of the ALJ's opinion regarding the step three determination as to whether the claimant's impairments met or equaled a listing amounted to a single (and as this Court later determined, perfunctory) remark: "The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4 (20 CFR §§ 404.1520(d) and 416.920(d))."  (Tr. 15.)  The ALJ never even specified which listings applied to Howard's disability claim, and beyond that, never explained why Howard's impairments failed to qualify him as disabled.  *See Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003) ("[T]he ALJ's opinion does not even mention the specific listings under which it considered [the claimant's] impairments."). While "mere inadequate explanation by an ALJ of his decision does not by itself require a finding that the decision was not substantially justified," *Brindisi v. Barnhart*, No. 00 C 6495, 2003 WL 21696195, at *4 (N.D. Ill. July 21, 2003), where the "ALJ's decision [is] so lacking in reasoning that it could not even be evaluated to determine the reasonableness of the ALJ's

3

findings[,]" the Commissioner's position is not substantially justified. *Id*. The lack of analysis at step three rendered the ALJ's opinion so perfunctory that this Court could not conduct "meaningful judicial review." (Order 7 (quoting *Brindisi*, 315 F.3d at 786).)

Furthermore, the Commissioner in its Response Brief during the appellate proceedings implicitly acknowledged this deficiency in the ALJ's analysis: "*While the ALJ did not discuss the listings in any detail*, a State Agency medical consultant reviewed the record and concluded that Plaintiff did not meet or medically equal any listing," (Def. Mem. in Supp. of the Comm'r Decision 6 (emphasis added).) Even the Commissioner acknowledged the insufficiency of "detail" in which the ALJ discussed the listings; indeed, this is an understatement, as the ALJ did not discuss the listings at all.

Looking to the Commissioner's position during the litigation, we address its contention that the State Agency medical consultant's opinion essentially cured any defect in the ALJ's opinion, and we find that it lacked substantial justification. The defect was not one of substantial evidence, but *perfunctory analysis*, and thus the Commissioner's argument was wholly misplaced. (*See* Order 7 ("Here . . . the issue is not whether the ALJ's step three finding was supported by substantial evidence but whether he erred in conducting a "perfunctory" analysis.").)

The Commissioner now argues that under *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004), evidence later discussed in the ALJ's decision can demonstrate that the ALJ's listing determination was correct. Indeed, the ALJ penned many paragraphs reiterating much of Howard's medical history in a different section further on in his opinion. However, spouting medical history alone does not demonstrate that Howard does not meet or equal a listing. In fact,

4

the opinion is devoid of any discussion of "the analytical framework critical to the application under review[,]" *Scott v. Barnhart*, No. 99 C 4651, 2003 WL 1524624, at *6 (N.D. Ill. March 21, 2003), or analysis as to why the evidence of his spinal disorders and heart problems fail to meet or equal a listing.  *See Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) ("Although the ALJ is not required to mention every piece of evidence in the record, *Rice v. Barnhart,* . . . , his failure here to evaluate any of the evidence that potentially supported Ribaudo's claim does not provide much assurance that he adequately considered Ribaudo's case.").

Even if the Commissioner's position with regard to the ALJ's step three determination was substantially justified, its position on the ALJ's credibility determination was not.  The whole of the ALJ's credibility determination reads, "Upon considering the evidence of record, the undersigned finds that the claimant's statements concerning the intensity, duration, and limiting effects of his symptoms are not entirely credible because they are not consistent with the objective medical evidence."  (Tr. 17.)  This Court found that the ALJ's statement "lack[ed] the detail necessary to enable the Court to trace the ALJ's path of reasoning."  (Order 8 (citing *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005)).)

The Commissioner argues that it was substantially justified because the ALJ's opinion, taken as a whole, "reflect[s] that he considered a number of factors that bear on credibility" such as medical opinions, Howard's background, and his testimony.  (Resp. Br. 3-4.)  The ALJ did, in fact, follow his conclusion on Howard's credibility with a run-down of his medical history; however, the ALJ does not explain how the evidence discredits Howard.  This is not simply a situation where "the ALJ failed to connect all the dots in his analysis" and the "medical evidence supports the ALJ's decision, although he [failed] to adequately explain the connection,"

*Cunningham v. Barnhart*, 440 F.3d 862,865 (7th Cir. 2005).  Rather, "the ALJ's decision contained no discussion of credibility," *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

Furthermore, as we discussed in our Order, "the ALJ erred by relying solely on perceived inconsistencies between Howard's testimony and the objective medical evidence when discrediting him."  (Order 9 (citing *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005)).)  The ALJ should have considered the SSR 96-7 factors in making his credibility determination:

> 1. The individual's daily activities;
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board);
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.  Because the ALJ should "discuss most of the factors and connect them to the credibility determination[,]" *Wirth v. Barnhart*, 318 F. Supp. 2d 726, 743 (E.D. Wis. 2004), we found that his failure to consider any of these factors when discrediting Howard required a remand.

The Commissioner argues that the ALJ did consider medical opinions; educational background and work history; and Howard's testimony regarding his pain, daily activities, and medication.  (Resp. Br. 4.)  However, the medical opinions discussed did not support the ALJ's conclusion on Howard's credibility, and the same applies to the ALJ's mention of the other

factors. While the ALJ sets forth information regarding some of Howard's background and his testimony, none of these facts on their face reveal Howard's unreliability. The ALJ apparently failed to consider these factors when discrediting Howard, for they appear in a different part of the opinion and contain no analysis or evaluation in terms of Howard's credibility.

The Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724. Therefore, because the ALJ's step three analysis was perfunctory and his credibility determination was deficient, resulting in a critical and obvious legal error necessitating a remand, the Commissioner's attempt to defend the ALJ's decision was not "substantially justified as a whole." *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sep. 4, 2001); *see also Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments but rather focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). Accordingly, Howard is entitled to an award of fees.[1]

Howard's attorney, Joseph Shull, avers that he is entitled to an award of $4,927.20. (Docket # 28.) The Commissioner does not challenge this figure, and the Court finds it reasonable. Therefore, Howard's motion for fees in the amount of $4,927.20 will be granted.

---

[1] As we acknowledged previously, the Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724. Here, the Commissioner could have addressed whether it was substantially justified in its remaining arguments against those Howard raised on appeal but which were not ruled upon by the Court, but declined to do so.

### III.  CONCLUSION

For the foregoing reasons, Howard's motion (Docket # 20) and supplemental motion (Docket # 28) for attorney fees are GRANTED in the amount of $4,927.20.  SO ORDERED.

Enter for this 20th day of December, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge